George Tilzer, J.
Application pursuant to article 9 of the General Corporation Law for dissolution of subject corporation.
The petitioner and respondent are sisters who were left extensive properties through inheritance. Their parents and grandparents had been engaged in the retail shoe business and their name was well known in the industry. For the past 15 years the sisters have operated two shoe stores in this city. In the year 1960 Victorian Sales Corp., the corporation involved herein, took over the assets of the two store corporations. Petitioner alleges that she is the owner of one half of the stock of Victorian and that the remaining one half is owned by her sister, the respondent. The two sisters, it is alleged, are the sole stockholders of the corporation and up until April or May of this year jointly exercised control over the said corporation. Beginning in April or May, irreconcilable disputes and differences arose with respect to the affairs of the corporation which, it is claimed, have resulted in an impasse. The respondent, it is asserted, has assumed sole management of the corporation and has diverted the assets thereof to her own use; she has excluded petitioner from the corporate premises, assaulted her and refused her access to the books and records of the corporation ; she and the corporation have refused to repay or to make arrangements to repay a loan in the sum of approximately $42,000 advanced to the corporation by the petitioner; and respondent has filed a resolution with the corporation’s depositary whereby petitioner’s name was deleted as signatory upon the bank account of the corporation.
The answer to the petition alleges that the petitioner married in May of 1960 and abandoned the business; that she relinquished her interest-in the firm, signed a release and is not a stockholder; and that in any event the application for a temporary receiver *276 must be denied since the petition alleges that the corporation is solvent.
The petition is sufficient to justify the relief prayed for under section 103 of the General Corporation Law. While issues are raised by the opposing affidavits, their interposition does not obviate the necessity for a hearing to determine the facts. Whether or not a final order will issue dissolving this corporation must await the hearing.
Concerning the appointment of a temporary receiver, the papers allege that in June of this year a new corporation was formed by respondent for the purpose of placing the assets of the 34th Street store beyond the reach of the petitioner. It is stated that all income and receipts of the 34th Street premises are going to this third corporation. In the face of this alleged dissipation of the corporate assets and having in mind the irreconcilable disputes respecting the affairs of the corporation and possible insolvency if the petitioner presses her individual claim, the court concludes that the assets of the corporation cannot be preserved and protected without the appointment of a receiver.
Settle order providing for the appointment of a temporary receiver and a Referee pursuant to article 9 of the General Corporation Law to hear and report in accordance with the foregoing.