■ JOHN R. BALIOTTI et al., Individually and as Shareholders of BLW MANAGEMENT CORP., Appellants, v MILTON WALKES et al., Respondents.—In a shareholders' derivative action alleging misappropriation of corporate assets and seeking, *inter alia,* damages and the appointment of a Receiver, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered October 22, 1986, which dismissed the complaint without prejudice to renewal by a receiver appointed by a court of proper jurisdiction.

Ordered that the judgment is reversed, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for trial.

The plaintiffs John and Nina Baliotti together own 50% of the shares of BLW Management Corp. (hereinafter BLW). Milton Walkes and Michael Levi, the defendants, own the remaining 50%. Walkes and Levi were also partners in a medical clinic known as Obgyn Associates (hereinafter Obgyn). After BLW was formed, the Baliottis transferred a building to the corporation which Obgyn was to lease. As part of a "Management Agreement" BLW was to receive remuneration for management and custodial services provided to Obgyn. It was as a result of the alleged breach by Obgyn, *inter alia,* of the lease and "Management Agreement" that the instant derivative action was commenced on behalf of BLW. During the plaintiffs' opening statement, the court, *sua sponte,* dismissed the complaint, reasoning that the Baliottis had mixed individual and derivative causes of action and had requested the appointment of a Receiver for a corporation that was not in dissolution.

A review of the complaint in question reveals that the causes of action in it are derivative in nature. Even if the plaintiffs have erroneously joined their individual claims with those of the corporation it would not require dismissal of the complaint *(see,* CPLR 601; *Young v Taber,* 284 App Div 829), since they have not confused individual and derivative claims within each cause of action *(see, Abrams v Donati,* 66 NY2d 951). Moreover, the fact that the Baliottis may have sought to benefit themselves by bringing the action is of no import, since they had a clear legal right to bring a shareholders' derivative action *(see, Meredith v Camp Hill Estates,* 77 AD2d 649, 650-651; *Dukas v Davis Aircraft Prods. Co.,* 129 Misc 2d 846, 848). Although the plaintiffs mistakenly demanded the appointment of a Receiver for a corporation which is not in dissolution *(see,* Business Corporation Law § 1201), the complaint should not be dismissed because "[t]he prayer for relief is no part of the cause of action * * * If the complaint states a cause of action the relief to be awarded must be left to the trial court for determination" *(see, Lonsdale v Speyer,* 249 App Div 133, 141; *see also, Pattison v Pattison,* 301 NY 65). Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.