■ EXECUTIVE LEASING COMPANY, INC., Appellant, v MARC J. LEDER, Respondent and Third-Party Plaintiff-Respondent. FRANK C. BATEMAN, III, Third-Party Defendant-Appellant. [594 NYS2d 217] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 4, 1991, which, *inter alia,* denied the plaintiff's cross-motion for summary judgment, and granted the defendant and third-party plaintiff's motion for summary judgment on the third and fourth claims of the third-party complaint, to the extent of finding that defendant and third-party plaintiff is entitled to contribution from third-party defendant Bateman, unanimously modified on the law, to dismiss the complaint, and to deny the defendant and third-party plaintiff's motion for summary judgment on the third and fourth claims of the third-party complaint, and otherwise affirmed, without costs and the third-party complaint is severed.

Defendant and third-party plaintiff, Leder, and third-party defendant, Frank C. Bateman, borrowed $50,000 from Citibank N.A. and in return executed a demand note in favor of the bank. Thereafter, Bateman and Leder delivered the entire $50,000 to the plaintiff corporation, Executive Leasing Company, Inc. Further, Leder and Bateman, each delivered an additional $10,000 to Executive Leasing Company, Inc. The funds provided to Executive Leasing were used to purchase furniture and office equipment. Some of the furniture was leased to Leder for his personal use and the majority of the furniture and equipment was leased to Powercard Corporation, an entity which was 60% owned by Leder and 5% owned by Bateman. Both Leder and Powercard failed to meet their obligations under the leases, and defaulted. All of the furniture and equipment leased to Powercard was repossessed by Bateman ostensibly on behalf of Executive Leasing. In October 1985, Citibank sued Leder only to recover on the demand note and obtained a judgment against him in the amount of $48,797.08. Apparently Leder subsequently satisfied that judgment. However, Bateman asserts that he previously paid approximately $10,000 of the total amount due Citibank.

Bateman commenced the main action underlying this appeal, against Leder on behalf of Executive Leasing. The complaint sought to recover damages based upon Leder's breach of the lease Leder executed in connection with the furniture obtained for his personal use. Leder answered, interposed counterclaims against Executive Leasing and commenced a third-party action against Bateman asserting claims for, *inter*

*alia,* contribution and unjust enrichment to recover a portion of the amounts Leder paid on the Citibank judgment.

It has consistently been held that the statutory rule, that the business of a corporation shall be managed by its board of directors (Business Corporation Law § 701), shall not be circumvented *(Sterling Indus. v Ball Bearing Pen Corp.,* 298 NY 483; *see, Matter of Paloma Frocks [Shamokin Sportswear Corp.],* 3 NY2d 572, 575; *Kent & Co. v Wolf,* 143 AD2d 813, 814). Further, it has been held also that " '[w]here there has been no direct prohibition by the board * * * the president has presumptive authority, in the discharge of his duties, to defend and prosecute suits in the name of the corporation' " *(Matter of Paloma Frocks [Shamokin Sportswear Corp.], supra,* at 575-576, quoting *Rothman & Schneider v Beckerman,* 2 NY2d 493, 497). However, where there are only two stockholders each with a 50% share, an action cannot be maintained in the name of the corporation by one stockholder against another with an equal interest and degree of control over corporate affairs; the proper remedy is a stockholder's derivative action *(Abelow v Grossman,* 91 AD2d 553, 554; *Tidy-House Paper Corp. v Adlman,* 4 AD2d 619).

It is not disputed that Bateman and Leder were intended to have equal interest in and control over Executive Leasing Company, notwithstanding the fact that no stock had been issued and no formal corporate activities had taken place. Given these circumstances, the action commenced by Bateman on behalf of the corporation against Leder must be dismissed. Therefore, upon plaintiff's appeal of the IAS Court's denial of its motion for summary judgment, we search the record, and dismiss the complaint *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110). We specifically do not, on this record, reach the issue of whether Bateman can initiate a stockholder's derivative action, given the circumstances.

While it is clear from the record that Bateman was obligated to Citibank by virtue of the original demand note executed in return for the loan from Citibank, it cannot be said on this record that Bateman's liability to Leder, for contribution, is clear as a matter of law. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.