■ SYLVIA TOBIAS, Individually and as a Shareholder of Consolidated Electric Meter Company, Inc., Respondent, v MELVIN TOBIAS, Appellant. [596 NYS2d 797] —Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 4, 1992, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 or, in the alternative, join the corporation as an additional defendant and granted plaintiff's cross-motion for priority of discovery, is unanimously modified on the law to the extent of dismissing the third, fifth, sixth, seventh and ninth causes of action and directing that the corporation be added as a defendant and otherwise affirmed, without costs or disbursements.

Plaintiff Sylvia Tobias and her late husband, Carl Tobias, founded Consolidated Electric Meter Company, Inc. in 1934. The company is in the business of supplying electric meters to commercial buildings in the City of New York, as well as reading these meters on behalf of the landlords. Of the 200 total shares of Consolidated Electric stock, plaintiff and her stepson, defendant Melvin Tobias, each own 75. The remaining 50 shares are divided among Audrey Holder, plaintiff's daughter; Abraham Freundlich, the company's former counsel and accountant; Norma Fund, defendant's sister; and Seymour Derkatch, a retired employee and defendant's cousin. The complaint alleges a 20 year pattern of misappropriation and waste of the corporate assets by defendant. Critical to the dispute between the parties herein is a 1970 agreement that was prepared in anticipation of Carl Tobias' death and which provides in relevant part that "MELVIN and SYLVIA TOBIAS are hereby authorized to adjust salaries upwards or downwards, in accordance with the earnings of the Corporation." In the event that the salaries of all of the employees needed to be lowered, "then all salaries and bonuses shall be reduced by the same percentage." Moreover, the agreement authorized the continued payment of year-end bonuses, restricted the sale of stock and required that "[a]ll checks and commercial paper hereafter to be issued by the Corporation shall be signed by CARL TOBIAS, SYLVIA TOBIAS, or MELVIN TOBIAS." The persons specified for election to office after the death of Carl Tobias were Melvin Tobias as president, Seymour Derkatch as vice-president, and Sylvia Tobias as secretary-treasurer, and Melvin Tobias, Sylvia Tobias and Abraham Freundlich were designated for election as members of the board of directors.

According to the complaint, defendant has increased his salary and paid for phantom expenses without plaintiff's approval and has engaged in a series of fraudulent acts in violation of his fiduciary obligations. Plaintiff claims that he diverted millions of dollars to himself, utilized company funds to pay personal expenses, wasted corporate assets, mismanaged the business and that he did all this while spending hardly any time on the job. In the nine causes of action, plaintiff seeks, respectively, damages for defendant's purported contravention of the 1970 agreement; specific enforcement of this agreement; damages for fraud; removal of defendant from his position as president due to the breach of his fiduciary duties; a direction that he return his ill-gotten gains and enjoining him from drawing any salary, declaring any bonus or paying any corporate expenses without plaintiff's

prior written consent; punitive damages; prohibiting defendant from paying for the lawsuit out of the corporation's money and the appointment of a receiver. The Supreme Court denied defendant's motion to dismiss and directed him to answer, noting that "[i]n effect, this stockholders' agreement was designed to function as a charter of the corporation. And of course, in this closely held enterprise, the sole stockholders are at liberty to chart the corporation's future direction, and to put whatever restrictions they desire on future management and salaries." Yet, the court concluded, the complaint was pleaded with sufficient particularity, and "[i]n a setting of an alleged continuous 20-year pattern of misappropriation and waste in the regime of Melvin Tobias, it is literally impossible to conjure up an image of a disinterested board. It is the height of naivete to expect that Melvin Tobias would sue himself."

Although the Supreme Court correctly rejected defendant's attempt to have the complaint dismissed in its entirety, some of the causes of action are not adequately pleaded or are duplicative of other claims. In that regard, the third cause of action for fraud is defective since it asserts neither misrepresentation nor reliance, both of which are essential elements of a claim for fraud (Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311). The fifth cause of action that defendant be directed to disgorge all moneys unlawfully removed from the corporation in violation of the 1970 agreement is effectively indistinguishable from the first cause of action for breach of that agreement and should, therefore, be dismissed. Similarly, the sixth cause of action for injunctive relief merely restates the injunctive relief already requested in the second cause of action. The seventh cause of action seeking punitive damages should also be dismissed since not only is that claim therefor insufficiently pleaded but "punitive damages may not be sought as a separate cause of action" (Weir Metro Ambu-Serv. v Turner, 57 NY2d 911, 912). Finally, the ninth cause of action requesting the appointment of a receiver is deficient in that the requirements for such an appointment as specified in Business Corporation Law § 1202 are not alleged. Plaintiff is not seeking dissolution of the corporation, and there is no contention that the corporation has no officer within this State who is qualified to administer the company's assets. In view of the fact that a corporation is ordinarily an indispensable party in a derivative suit (Carruthers v Waite Min. Co., 306 NY 136) and plaintiff offers no reasons against adhering to the general rule, Consolidated Electric should be joined as a defendant.

We have considered defendant's remaining arguments and find them to be without merit. The Supreme Court did not abuse its discretion in giving priority of discovery to plaintiff, who has not been on the board of directors for some years and is suing defendant for, in part, violation of his fiduciary responsibilities. However, it should be pointed out that plaintiff's various claims are subject to the six year statute of limitations (CPLR 213 [2], [7]). Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.