■ JOHN D. STONE et al., Respondents, v WILMA A. FREDERICK et al., Appellants. [666 NYS2d 294] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 18, 1997 in Albany County, which denied defendants' motion to dismiss the complaint.

As of May 31, 1994, plaintiff John D. Stone and defendant

Thomas S. Frederick (hereinafter Frederick) were each a 50% shareholder and together constituted the sole directors and officers of Carpet Warehouse Corporation (hereinafter the corporation), with Stone serving as president and treasurer and Frederick serving as vice-president and secretary. At that time, Frederick entered into an "employment agreement" with the corporation, under the terms of which Frederick was to continue his prior duties, stated to be "the rendering of financial planning services and providing service on formulation of general corporate policy", for the five-year period commencing April 28, 1994 at graduated annual salary levels indicated therein. Paragraph 5 of the employment agreement provided that, in the event Frederick became disabled, the corporation would pay his regular salary for a period not to exceed 180 days, following which Frederick was to receive benefits from the corporation's disability insurer under a policy carried by the corporation as of April 28, 1994. In the employment agreement, the term "disability" was specifically "to be defined as defined by the corporation's disability insurance carrier under the policy in effect".

In August 1994, Stone and Frederick entered into a "shareholder agreement" which, among other things, established their respective rights in the event of the disability of the other. As here relevant, the agreement provided that upon the "disability" of one of the shareholders, the other would have the option to purchase the disabled shareholder's shares of the corporation, said option to be exercised within 60 days of the date of disability. In such event, the shares were to be valued by the corporation's accountants or, in the event of disagreement as to value, by an independent appraiser selected by the respective shareholders' appraisers. In contrast to the employment agreement, the shareholder agreement defined "disability" as an inability on the part of a shareholder to perform his usual and customary duties for the corporation for a continuous period of 24 months.

The shareholder agreement further provided that, to the extent it was legally permissible, the two shareholders would be the sole directors of the corporation, and it also restricted their right to transfer their shares of the corporation, except to specified "close relatives" including their spouses. In the event of such a transfer, however, the shares were to be treated for the purpose of the agreement as held by the transferring shareholder. Upon entering into the August 1994 shareholder agreement, Frederick transferred his shares to his wife, defendant Wilma A. Frederick, thereby establishing her interest in this matter.

Thereafter, during a period of illness, Frederick made application for benefits under the corporation's disability insurance policy. Although the duration and extent of Frederick's disability and the period during which he received benefits from the corporation's insurance carrier cannot be determined on this record, it is undisputed that in May 1996, Stone sent two letters to Frederick advising him, first, that he was ineligible to receive salary after September 28, 1994 because of his continuous disability and his receipt of disability insurance benefits from and after April 1, 1994, and, second, of Stone's exercise of his option under the shareholder agreement to purchase Frederick's stock because of that disability.

The corporation, by Stone as its president, and Stone in his individual capacity then commenced this action. In the amended complaint, the corporation alleges causes of action sounding in conversion, breach of contract and breach of fiduciary duty, seeking to terminate Frederick's employment contract and to recover the amount of compensation and fringe benefits provided to him following his receipt of disability benefits; Stone alleges a single cause of action for specific performance, compelling defendants to transfer Frederick's stock in accordance with the shareholder agreement. Following joinder of issue, defendants moved, *inter alia*, to dismiss the complaint upon the grounds that Stone, as a 50% shareholder, had no authority to bring a direct action against defendants in the name of the corporation and that his individual cause of action for specific performance failed to state a cause of action. Supreme Court denied the motion and defendants appeal.

Initially, we agree with defendants that, under the circumstances present here, Stone lacked authority to commence the instant action on behalf of the corporation. Fundamentally, unless other provision is made in the certificate of incorporation (which does not appear to be the case here), the business of a corporation is to be managed by its board of directors (Business Corporation Law § 701). By authorizing two shareholders constituting the owners of all shares of a corporation to serve as its only directors (Business Corporation Law § 702 [a]), the Legislature has implicitly recognized "the desire for equal control in some closely held corporations" (*Sterling Indus. v Ball Bearing Pen Corp.*, 298 NY 483, 491), and to permit a deadlock to be remedied by an exercise of presidential power "disregard[s] fundamental rules of agency law" (*id.*, at 491). For that reason, the courts have held that "where there are only two stockholders each with a 50% share, an action cannot be maintained in the name of the corporation by one stock-

holder against another with an equal interest and degree of control over corporate affairs; the proper remedy is a stockholder's derivative action" (*Executive Leasing Co. v Leder*, 191 AD2d 199, 200; *accord, Kent & Co. v Wolf*, 143 AD2d 813, 814; *Abelow v Grossman*, 91 AD2d 553, 554, *appeal dismissed* 58 NY2d 1112; *Tidy-House Paper Corp. v Adlman*, 4 AD2d 619).

In our view, the decisions of the Court of Appeals in *West View Hills v Lizau Realty Corp.* (6 NY2d 344), *Matter of Paloma Frocks (Shamokin Sportswear Corp.)* (3 NY2d 572) and *Rothman & Schneider v Beckerman* (2 NY2d 493) do not require a contrary result. Notably, *West View Hills v Lizau Realty Corp.* (*supra*) did not involve equally divided interests in a close corporation and the president's action was upheld as an emergency measure (*id.*, at 347). Further, because *Matter of Paloma Frocks (Shamokin Sportswear Corp.)* (*supra*) and *Rothman & Schneider v Beckerman* (*supra*) both involved actions against "outsiders", the essential factual underpinning for *Sterling Indus. v Ball Bearing Pen Corp.* (*supra*) was absent. Finally, we note that *Matter of Paloma Frocks (Shamokin Sportswear Corp.)* (*supra*) merely involved arbitration under a contract which provided specific authorization for the president's action in initiating the arbitration proceeding (*see, id.*, at 575).

Turning briefly to the balance of defendants' motion, construing the pleadings liberally, accepting the facts alleged as true and giving Stone the benefit of every possible favorable inference (*see, Butler v Delaware Otsego Corp.*, 218 AD2d 357, 359-360), we conclude that his claim for specific performance of the shareholder agreement states a cause of action. We agree with defendants, however, that further use of corporate funds to prosecute that personal cause of action would constitute an obvious abuse of plaintiff's fiduciary relationship with the corporation and should be enjoined (*see*, Business Corporation Law § 720 [a] [3]; § 626 [e]).

The parties' remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs against plaintiff John D. Stone, by reversing so much thereof as denied defendants' motion to dismiss the first, second and third causes of action of the amended complaint and to enjoin, pending the final determination of this action, the transfer of assets of plaintiff Carpet Warehouse Corporation for the purpose of prosecuting any of the causes of action alleged in the amended complaint; defendants' motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.