Richard TUSCANO, suing individually and in the right and as a shareholder of Northeastern Import Export, Inc., Island Textiles, Inc., Tierra Development Corp., Textile Recovery Services, Inc. and Clothing Helps, Corp., Plaintiff,

v.

Ronald TUSCANO, Joseph Tuscano, Eugene Lotardo, Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP, Countrywide Transport Inc., and Donna Lotardo, Defendants.

No. 05 CV 2008(ADS)(WDW).

United States District Court, E.D. New York.

Dec. 12, 2005.

Ackerman, Levine, Cullen, Brickman & Limmer, LLP, by John M. Brickman, Esq., Great Neck, NY, for the Plaintiff.

William V. Alesi, P.C., by William V. Alesi, Esq., Mineola, NY, for the Defendants Ronald Tuscano, Joseph Tuscano, Eugene Lotardo, Countrywide Transport, Inc., and Donna Lotardo.

L'Abbate, Balkan, Colavita & Contini, L.L.P., by Amy M. Monahan, Esq., Garden City, NY, for the Defendant Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises out of claims by the plaintiff Richard Tuscano ("Richard" or the "plaintiff"), individually and derivatively on behalf of several corporations, that Ronald Tuscano, Joseph Tuscano, Eugene Lotardo, Donna Lotardo, and Countrywide Transport ("Countrywide") created a scheme under which they diverted, for their personal benefit, the assets of corporations partially owned by the plaintiff in violation of, among other laws, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). The plaintiff has also sued the law firm of Forchelli, Curto, Schwartz. Mineo, Carlino & Cohn, LLP ("Forchelli Curto") for legal malpractice and disgorgement of legal fees under New York State law.

Presently before the Court are the defendants' motions to dismiss the complaint. Defendants Ronald Tuscano, Joseph Tuscano, Countrywide, Eugene Lotardo, and Donna Lotardo seek dismissal of the complaint (1) pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") on the grounds that the plaintiff's complaint fails to state a cause of action under RICO and, therefore, has no basis for federal jurisdiction; or alternatively, pursuant to Rule 9(a) for failure to plead fraud with sufficient particularity; and (2) pursuant to Rules 12(b)(6), 19, and 23.1 because the plaintiff has failed to comply with the requirements of a shareholder derivative action. Defendant Forchelli Curto also seeks dismissal of the complaint pursuant to 12(b)(6) and Rules 12(b)(1) for failure to state a claim and for lack of subject matter jurisdiction.

## I. BACKGROUND

The following facts are derived from the Complaint, and are taken as true for the purpose of these motions.

This RICO lawsuit is the result of the deterioration of the business relationship between two brothers, Richard and Ronald Tuscano. Together, Richard and Ronald own five corporations engaged in the business of acquiring and selling used clothing. The corporations are known as Northeastern Import Export, Inc. ("Northeastern"), Island Textiles, Inc., Tierra Development Corp., Textile Recovery Services, Inc., and Clothing Helps, Corp. (collectively, the

"Companies"). The Companies are operated from two primary locations: one in Dayton, New Jersey (the "New Jersey Facility"); the other in Bohemia, New York (the "New York Facility"). Each brother maintains an equal ownership interest, and both serve as officers and directors. Richard Tuscano is the vice president of the Companies and is primarily responsible for supervising operations at the New Jersey Facility. Richard is also responsible for oversight of the Companies' clothing collection activities, and the loading of trailers destined for the New York Facility and customers' premises. Ronald Tuscano is the president of the Companies and is primarily responsible for supervision of operations at the New York Facility. Ronald is also responsible for managing relationships with sponsors, and supervising the Companies' clothing sales activities, financial record-keeping, and other financial matters.

The remaining participants in the alleged scheme are Joseph Tuscano, Eugene Lotardo, Donna Lotardo, and Countrywide. Joseph Tuscano is the defendant Ronald's son. Eugene Lotardo is an accountant who provided professional services to the Companies. Donna Lotardo is a Certified Public Accountant, and is employed by the Companies as their "in-house" bookkeeper. Countrywide is a corporation formed by Ronald in or about the year 2000. The defendant Forchelli Curto is a law firm that has served as counsel for the Companies and Countrywide.

The gravamen of the plaintiff's allegations is that Ronald has excluded him from the financial management of the Companies; made unilateral decisions that materially affected the Companies' operations and financial results, including entering into particular business arrangements without the plaintiff's full knowledge or consent; and refused to provide Richard

with information regarding the Companies. Each of these actions, the plaintiff claims, were part of a scheme through which Ronald and the other defendants sought to defraud the plaintiff, all the while pilfering the assets and profits of the Companies.

Also, Richard claims that Ronald has obstructed his efforts to investigate his brother's alleged misdeeds. Specifically, Ronald has refused Richard access to Company documents and relevant financial information, and has even instructed employees and agents of the Companies, including Eugene Lotardo and Donna Lotardo, not to communicate with Richard.

In response to this alleged stonewalling, in or about March 2003, the plaintiff commenced a proceeding in the Supreme Court of the State of New York, County of Suffolk (the "state court proceeding"). By this action the plaintiff sought to compel Ronald to provide access to the Companies' books and records. This state court proceeding is still pending. Meanwhile, the plaintiff has been requesting meetings of the shareholders and directors of the Companies which, except for one time in 2002, Ronald has allegedly refused to hold.

The plaintiff further alleges that from 1999 through 2002, Ronald has caused inaccurate and misleading financial statements to be issued for the Companies and also filed inaccurate and fraudulent tax returns for the Companies.

In or about the year 2000, Ronald informed the plaintiff that another corporation, Countrywide, was being established, and that Ronald, Richard, and Joseph would each own one third of this new company's stock. Shortly thereafter, Ronald allegedly caused the Companies to enter into questionable business arrangements with the newly formed Countrywide. Richard believes that these deals were unnecessary and harmful to the Companies. For example, the plaintiff al-

leges that Ronald caused the Companies to hire Countrywide to ship merchandise from the New Jersey Facility to the New York Facility unnecessarily and at excessive shipping rates; Ronald retained Forchelli Curto to prepare new stock certificates for Countrywide, and caused one of the Companies, Northeastern, to pay for this service; Ronald has permitted Countrywide to use trailers and warehouse space that belong to the Companies without reimbursement; and Ronald and Joseph have caused one of the Companies to pay various other expenses for Countrywide. The plaintiff also alleges that shortly after creating Countrywide, Ronald deprived him of his ownership interest in that company without compensation. Finally, the plaintiff is unhappy about the amount of time his brother has devoted to other business interests, which include managing and working for Texas corporations that allegedly compete with the Companies.

On April 26, 2005, the plaintiff commenced this lawsuit stating fifteen causes of action. The plaintiff's first, second, fourth, seventh, and eighth causes of action are brought derivatively on behalf of the Companies and seek recovery against Ronald Tuscano, Joseph Tuscano, Eugene Lotardo, Donna Lotardo, and Countrywide exclusively under New York State law. The plaintiff's third cause of action is brought individually against Ronald Tuscano and seeks appointment of a receiver under New York State law. The plaintiff's fifth and sixth causes of action seek recovery against Forchelli Curto under New York State law for legal malpractice and disgorgement of legal fees. The plaintiff's tenth through fifteenth causes of action are brought derivatively against the individual defendants and Countrywide, and allege violations of each provision of the RICO statute, 18 U.S.C. §§ 1962(a)-(d).

In support of their motion to dismiss, the individual defendants and Countrywide argue, among other things, that the plaintiff has failed to state a cause of action under RICO and failed to comply with the requirements for bringing a shareholder derivative lawsuit. Forchelli Curto has also made a motion to dismiss arguing that because the plaintiff has failed to comply with the requirements for bringing a shareholder derivative lawsuit, the Court should decline to adjudicate the plaintiff's claims against them, which arise entirely under state law.

For the reasons set forth below, it is the opinion of the Court that this action must be dismissed because the plaintiff has failed to join a party necessary for proper adjudication. To the extent that the Court otherwise addresses the remainder of the parties' motions and the sufficiency of the plaintiff's allegations, it does so for the purpose of providing guidance to the plaintiff should he attempt to file an amended complaint.

## II. DISCUSSION

### A. Legal Standards

#### 1. Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), to resolve the jurisdictional question the Court may consider affidavits and other materials beyond the pleadings. *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 & n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not

draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). As the party seeking to invoke the jurisdiction of the Court, the plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed. *Scelsa v. City Univ. of N.Y.,* 76 F.3d 37, 40 (2d Cir.1996).

### 2. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its complaint which would entitle it to relief. *King v. Simpson,* 189 F.3d 284, 286–87 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.,* 167 F.3d 125, 130 (2d Cir. 1999); *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The Court is not to decide whether the plaintiff will ultimately prevail. Rather, the issue is whether the plaintiff's allegations are sufficient so as to entitle it to offer evidence to support its claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

### 3. Rule 9(b)

Rule 9(b) sets forth additional pleading requirements with respect to allegations of fraud. The reason for these requirements are three-fold: (1) to provide the defendant with fair notice of the claims against it; (2) to protect the defendant from harm to its reputation or goodwill as a result of unfounded allegations of fraud; and (3) to reduce the number of strike suits. *See DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987). "[C]onclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982).

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). In order to meet this burden, the complaint must, " '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993)). Where there are multiple defendants, Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud. *See DiVittorio,* 822 F.2d at 1247 ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Thus, under this rule the plaintiff must identify which defendant caused each allegedly fraudulent statement to be spoken, written, wired or mailed, and to whom the communication was made; when the communication was made; and how it advanced the fraudulent scheme. *McLaughlin v. Anderson,* 962 F.2d 187, 191 (2d Cir.1992).

### B. As to the Requirements of Rule 23.1

Fed.R.Civ.P. 23.1 states, in relevant part, that

[i]n a derivative action ... the complaint shall be verified and shall allege ... that the action is not a collusive one to confer

jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

Fed.R.Civ.P. 23.1.

The defendants argue that the plaintiff has not satisfied the requirements of this rule because (1) Richard Tuscano does not fairly represent the interests of similarly situated shareholders, namely, Ronald; (2) the complaint does not describe with adequate specificity the plaintiff's reasons for foregoing the demand requirement in New York Business and Corporations Law ("BCL") § 626(c); and (3) the complaint is not verified.

■ Although the complaint is not verified, the plaintiff's failure to do so is not fatal to the lawsuit. The verification requirement of Rule 23.1 is not intended to be a general impediment to shareholder derivative actions but, rather, to those derivative lawsuits brought solely for the purpose of harassment or to force a quick settlement. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 371, 86 S.Ct. 845, 850, 15 L.Ed.2d 807 (1966). Where appropriate, courts allow plaintiffs to cure a verification defect by submitting an affidavit. *See, e.g., Weisfeld v. Spartans Indus., Inc.*, 58 F.R.D. 570, 577–78 (S.D.N.Y.1972). The plaintiff here as submitted a curative affidavit with his opposition papers. In

any event, the plaintiff will have the opportunity to remedy his failure to verify the complaint should he replead.

### 1. Adequacy of Richard's Representation

#### a. Status as a Fifty–Percent Shareholder

The individual defendants and Countrywide argue that Richard cannot maintain a derivative action under Fed.R.Civ.P. 23.1 because the only other shareholder of the Companies is Ronald, a defendant in this case. Therefore, "Richard Tuscano ... does not represent the interest of any of the Companies, any more than his brother, Ronald (the other 50% owner)." Thus, it is alleged that Richard does not, and can not, "fairly and adequately represent the interests" of the other shareholders. Forchelli Curto join in this argument by contending that because the plaintiff owns such a substantial interest in the Companies, his claims are in reality brought "solely on his own behalf for his own benefit against his brother Ronald and the others," and not in the interest of the Companies.

■ Obviously, any benefit derived by a corporation through derivative litigation will inure to an individual who owns half of that corporation. Richard's status as half-owner of the Companies, standing alone, is not a reason to dismiss the plaintiff's lawsuit. Under New York law, a shareholder derivative action is an appropriate method for one fifty-percent shareholder to obtain relief in the name of the corporation against the other fifty-percent shareholder. *See Stone v. Frederick*, 245 A.D.2d 742, 744–45, 666 N.Y.S.2d 294, 295 (3d Dep't 1997); *Executive Leasing Co. v. Leder*, 191 A.D.2d 199, 199–200, 594 N.Y.S.2d 217, 218–19 (1st Dep't 1993); *L.W. Kent & Co., Inc. v. Wolf*, 143 A.D.2d 813, 814, 533

N.Y.S.2d 119, 120–21 (2d Dep't 1988); *Abelow v. Grossman*, 91 A.D.2d 553, 554, 457 N.Y.S.2d 30, 30 (1st Dep't 1982); *see also, e.g., COR Marketing & Sales, Inc. v. Greyhawk Corp.*, 994 F.Supp. 437, 441 (W.D.N.Y.1998) (looking to New York state law to resolve standing issue in dispute between two fifty-percent shareholders of New York corporation). Accordingly, the motion by the individual defendants and Countrywide to dismiss for this reason is denied.

**b. As Against Forchelli Curto**

■ Forchelli Curto also argues that, as a matter of law, the plaintiff will not be able to adequately represent the interests of the corporation with respect to those causes of action brought derivatively, because the plaintiff is, at the same time, alleging direct claims. The Court agrees. Any individual claims raised by a shareholder in a derivative action present an impermissible conflict of interest. *See Wall Street Sys., Inc. v. Lemence*, No. 04 Civ. 5299, 2005 WL 292744, at *3 (S.D.N.Y. 2005) (stating that an individual shareholder cannot simultaneously bring direct and derivative claims in the same action); *Ryan v. Aetna*, 765 F.Supp. 133, 136–37 (S.D.N.Y.1991) (explaining that a plaintiff would be "subject to a conflict of interest in pursuing both direct and derivative claims" in the same action); *Petersen v. Fed. Devel. Co.*, 416 F.Supp. 466, 475 n. 6 (S.D.N.Y.1976) (noting that a plaintiff must choose between the pursuit of his personal interest and that of the corporation).

■ However, it is clear from the face of the complaint that both causes of action against Forchelli Curto are brought derivatively. The fifth and sixth causes of action, which are the only causes of action against Furchelli Curto, are titled "Derivative Claim for Restitution and Disgorgement of Legal Fees" and "Derivative Claim for Legal Malpractice," respectively. Both causes of action seek to recover for alleged injuries sustained by the Companies. The alleged injuries are related to Forchelli Curto's representation of the Companies, which was paid for by the Companies. Therefore, the Court will not dismiss the claims against Forchelli Curto on this ground.

■■ Bearing the foregoing in mind, the Court notes that the plaintiff has styled the caption so that this action is brought "individually" as well as on behalf of the Companies. Looking to the allegations of the complaint, the plaintiff's third cause of action against Richard Tuscano seeking appointment of a receiver is brought directly rather than derivatively. *See also, e.g.,* Plaintiff's Memorandum of Law in Opposition to Forchelli Curto's Motion to Dismiss, at 12 ("All of the claims set forth in the Complaint are derivative only, brought for the benefit of the Companies, with the exception of the Third Cause of Action for appointment of a receiver."). This claim cannot be maintained considering the derivative nature of the remainder of the plaintiff's action.

**2. Futility of Demand**

■ In shareholder derivative cases where a demand upon the board has not been made, the plaintiff must allege why the making of such a demand would be futile. *See* Fed.R.Civ.P. 23.1; *Lewis v. Graves*, 701 F.2d 245, 248 (2d Cir.1983). All of the defendants argue that the plaintiff has failed to meet this requirement. Here, the Court finds that the demand would have been futile. The complaint is replete with allegations that Ronald orchestrated and committed the challenged conduct. With reasonable certainty, it is fair to assume that Ronald would not have agreed to initiate a lawsuit accusing him-

self of wide-ranging wrongdoing, including RICO violations.

### C. As to the Plaintiff's Failure to Join the Companies as Parties

Initially, the Court notes that the defendants have included in their motion a request that the complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), 19, and 23.1. To the extent that the defendants contend that the dismissal is warranted because the plaintiff failed to join a party necessary for the adjudication this action, the motion should have been made pursuant to Fed.R.Civ.P. 12(b)(7) and will be treated as such by the Court.

Rule 12(b)(7) provides for dismissal of a complaint where the plaintiff has failed to join a necessary party under Rule 19. This Rule sets forth a two prong test to determine whether an action must be dismissed pursuant to a 12(b)(7) motion.

The first prong of the test considers the factors supporting a finding that a party is "necessary" to an action. In order to determine if a party is "necessary," the Court must determine: (1) whether complete relief can be granted to the present parties; or (2) if the third party claims an interest in the disposition of the current proceedings, and that interest would be impaired if he were not a party to the present action, or the present parties would be subject to future liability because of the failure to join the third party. *See* Fed.R.Civ.P. 19; *Jota v. Texaco, Inc.*, 157 F.3d 153, 161 (2d Cir.1998) (recognizing the "necessary" requirement in the rule); *ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop.*, 102 F.3d 677, 681 (2d Cir. 1996) (stating that the court must first determine whether the party is necessary, then it must determine whether joinder is feasible).

If the Court determines that the particular party is "necessary," it will order that

party joined—if feasible. *ConnTech*, 102 F.3d at 682. However, if for some reason it is impossible for the third party to be joined, such as where subject matter jurisdiction would be destroyed by compulsory joinder, or where the Court does not have personal jurisdiction over the individual, the Court must determine the proper course of action pursuant to Rule 19(b). *See Jota*, 157 F.3d at 162 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–125, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)).

Rule 19(b) delineates four factors to be considered where a party is deemed "necessary" pursuant to Rule 19(a), but for some reason cannot be joined. *See ConnTech*, 102 F.3d at 681; *Jota*, 157 F.3d at 162. In determining whether dismissal is necessary absent joinder of the "necessary party" the Court must consider:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

After careful consideration of the relevant factors, and an application of all the facts and circumstances, the Court must decide whether, "in equity and good conscience the action should proceed among the parties before it, or whether [it] should be dismissed." *Jota*, 157 F.3d at 162; *see Provident Tradesmens*, 390 U.S. at 108, 88 S.Ct. 733, 19 L.Ed.2d 936 (holding that a court may proceed in the absence of a

necessary party if consideration of the factors in Rule 19(b) weighs in favor of continuation of the action).

Here, the Court is relieved from undertaking the multifaceted analysis under Rule 19. It is well settled that a shareholder derivative action brought pursuant to Fed.R.Civ.P. 23.1 cannot proceed in the absence of the corporations whose rights are being asserted. *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) ("The corporation is a necessary party to the action; without it the case cannot proceed.... The proceeds of the action belong to the corporation and it is bound by the result of the suit"); *see Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005); *Buckley v. Control Data Corp.,* 923 F.2d 96, 98 (8th Cir.1991); *Liddy v. Urbanek,* 707 F.2d 1222, 1224 (11th Cir. 1983); *Weber v. King,* 110 F.Supp.2d 124, 133 (E.D.N.Y.2000); *Blasberg v. Oxbow Power Corp.,* 934 F.Supp. 21, 23 (D.Mass. 1996); *ZB Holdings, Inc. v. White,* 144 F.R.D. 42, 44–45(S.D.N.Y.1992); *Smith v. Bader,* 458 F.Supp. 1184, 1187 (S.D.N.Y. 1978); *Carruthers v. Jack Waite Mining Co.,* 306 N.Y. 136, 140, 116 N.E.2d 286, 288 (1953). Here the corporations Northeastern Import Export, Inc., Island Textiles, Inc., Tierra Development Corp., Textile Recovery Services, Inc., and Clothing Helps, Corp. have not been joined. Accordingly, the motion by the individual defendants and Countrywide to dismiss the complaint for failure to join a necessary party is granted.

### D. As to the Plaintiff's Cause of Action for Appointment of a Receiver

The plaintiff's "Third Cause of Action Against Ronald Tuscano" sets forth a claim for appointment of a receiver. The plaintiff alleges no new facts, but merely states that Ronald's misconduct as set forth in the prior paragraphs of the complaint has severely damaged, and continues to damage and threaten, the financial condition and viability of the Companies. Although the Court is not exercising supplemental jurisdiction over the plaintiff's State Law causes of action, it is patently clear that the plaintiff here has failed to state a claim.

Under section 1202 of the BCL, a receiver for the property of a corporation can only be appointed in (1) a dissolution action; (2) an action by a judgment creditor for sequestration; (3) an action brought by the attorney-general or by a shareholder to preserve the assets of a corporation, which has no officer within this state qualified to administer them; or (4) an action to preserve the in-state assets of a foreign corporation which has been dissolved or has otherwise ceased do business or to exist in its state of incorporation. N.Y. Bus. Corp. Law § 1202 (McKinney 2003). The plaintiff has not alleged that this is an action listed in the BCL as appropriate for the appointment of a receiver. Thus, the plaintiff's third cause of action fails to state a claim. *See Tobias v. Tobias,* 192 A.D.2d 438, 440, 596 N.Y.S.2d 797, 799 (1st Dep't 1993) (dismissing the plaintiff's cause of action requesting the appointment of a receiver when the requirements for such an appointment as specified in Business Corporation Law 1202 were not alleged); *Baliotti v. Walkes,* 134 A.D.2d 554, 555, 521 N.Y.S.2d 453, 454 (2d Dep't 1987) (noting that "the plaintiffs mistakenly demanded the appointment of a receiver for a corporation which [was] not in dissolution").

Even if this lawsuit were an action in which the plaintiff could appropriately seek the appointment of a receiver, the plaintiff's third cause of action would be dismissed because, as noted above, a shareholder plaintiff may not join deriva-

tive and individual causes of action. Thus, in the interests of justice, the plaintiff's cause of action for appointment of a receiver is dismissed with prejudice.

## E. Civil Rico

■ Section 1964(c) or the RICO statute creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964. Because "[c]ivil RICO is an unusually potent weapon[,] 'courts should strive to flush out frivolous RICO allegations at an early stage in the litigation.'" *Katzman v. Victoria's Secret*, 167 F.R.D. 649, 655 (S.D.N.Y.1996). To establish a RICO claim, a plaintiff must show: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 904 (2d Cir.1996) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 767 (2d Cir. 1994)). Here, the plaintiff asserts six separate causes of action under RICO pursuant to 18 U.S.C. §§ 1962(a), (b), (c), and (d).

### 1. As to the Defendant Countrywide

■ Liability under RICO cannot be established absent the existence of an "enterprise." *See* 18 U.S.C. § 1961 *et seq.* An "enterprise" can be "any · individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *See* 18 U.S.C. §§ 1961(4). However, under Section 1962(c) the alleged "enterprise" through which a pattern of racketeering activity· is conducted must be distinct from those persons who stand accused of conducting that racketeering activity. In other words, the same entity can not appear as both the RICO "enterprise" and a defendant in the

same action. *Anatian v. Coutts Bank*, 193 F.3d 85, 88–89 (2d Cir.1999) (citing *Bennett v. United States Trust Co.*, 770 F.2d 308, 315 (2d Cir.1985)). Thus, the plaintiff's tenth cause of action for violation of Section 1962(c) should be dismissed as against the defendant Countrywide because Countrywide is also identified as the "enterprise" under that count. *See also Black Radio Network, Inc. v. NYNEX Corp.*, 44 F.Supp.2d 565, 579 (S.D.N.Y. 1999) (stating that the RICO "distinctiveness requirement cannot be met merely by alleging that a RICO enterprise consists of a corporate defendant in association with its own employees who carry out the corporate defendant's regular affairs") (citing *Discon*, 93 F.3d at 1063–64).

■ Counts twelve and thirteen of the complaint are also asserted against Countrywide. These causes of action are brought under Sections 1962(a) and (b), and fail to state a claim against Countrywide because the plaintiff does not allege that this defendant participated in the prohibited conduct. Specifically, the complaint is without any allegation that Countrywide received any income through a pattern of racketeering activity to use or invest in the acquisition of an enterprise, 18 U.S.C. § 1962(a), or that it acquired or maintained any interest in an enterprise through a pattern of racketeering activity.

Accordingly, the plaintiff's causes of action against Countrywide under Section 1962(a) and (b) should be dismissed in their entirety, and the plaintiff's causes of action against Countrywide under Section 1962(c) fail to state a claim to the extent that Countrywide is named as the RICO "enterprise" for those claims.

### 2. As to the Plaintiff's Claims Against Eugene Lotardo and Donna Lotardo under Section 1962(c)

A violation of RICO § 1962(c) requires "conduct or participat[ion], directly or indi-

rectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c).

The plaintiff's tenth and eleventh causes of action allege that Eugene Lotardo and Donna Lotardo violated 18 U.S.C. § 1962(c). Specifically, the plaintiff's tenth and eleventh causes of action alleges that Eugene Lotardo, an accountant for the Companies, participated in the scheme by faxing allegedly fraudulent documents on behalf of the Companies and preparing and filing allegedly false records and tax returns. The eleventh cause of action accuses Donna Lotardo, the "in-house" bookkeeper for the Companies, of faxing allegedly fraudulent documents relating to the Companies' inventory and finances, and, together with Eugene Lotardo, coercing Ronald not to inquire too closely into the affairs of the Companies.

The individual defendants and Countrywide have moved to dismiss the claims against Eugene Lotardo and Donna Lotardo on the grounds that their conduct, as alleged in the complaint, did not constitute "participat[ion], ... in the conduct of [the] enterprise's affairs." *See* 18 U.S.C. § 1962(c). According to the individual defendants and Countrywide, this rule contemplates a certain degree of control over the enterprise, which the Lotardos are not alleged to have exhibited.

[18] In *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), the Supreme Court of the United States held that "participate," as used in RICO, requires one to have taken some part "directing the affairs" of the enterprise. However, under *Reves*, a defendant who acts "under the direction of superiors in a RICO enterprise [can] still 'participate' in the operation of the enterprise within the meaning of § 1962(c)." *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir.1994). On the other hand, it is not

sufficient if the defendant's conduct, in its entirety, was limited to taking orders and performing tasks "necessary or helpful" to the fraudulent goals of the enterprise. *See United States v. Viola*, 35 F.3d 37, 41 (2d Cir.1994). "[T]he commission of crimes by lower level employees of a RICO enterprise *may* be found to indicate participation in the operation or management of the enterprise, but does not compel such a finding." *United States v. Allen*, 155 F.3d 35, 42 (2d Cir.1998).

 Here, the plaintiff alleges that both Eugene and Donna acted at the direction of Ronald. Eugene Lotardo provided professional services and exhibited no control over the business of the enterprise. Donna Lotardo, as the bookkeeper for the Companies, acted at the direction of Ronald Tuscano. *See, e.g.,* Compl. ¶ 184. Both Lotardos were acting within the scope of their employment. Still, the plaintiff has sufficiently alleged that Eugene Lotardo and Donna Lotardo played some role in furtherance of the objective of the alleged enterprise. It would be inappropriate at this stage of the proceedings to dismiss the plaintiff's claims against these defendants based solely on their status within the alleged enterprise.

### 3. The Plaintiff's Substantive RICO Allegations

#### a. As to Investment of Racketeering Income in Violation of § 1962(a)

 In order to plead a violation of subsection (a) of the RICO statute, the plaintiff must alleged that each defendant "has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, ... in acquisition of any interest in, or the establishment or operation of, any enterprise." 18 U.S.C. § 1962(a). The "enterprise" in subsection (a) refers

not to the "racketeering enterprise," but contemplates investment in some other, legitimate business. *USA Certified Merchants, LLC v. Koebel,* 262 F.Supp.2d 319, 331 (S.D.N.Y.2003) (citations omitted); *Kaczmarek v. Inter. Bus. Machs. Corp.,* 30 F.Supp.2d 626, 628 (S.D.N.Y.1998).

The plaintiff's twelfth cause of action, brought against Ronald Tuscano, Joseph Tuscano, and Countrywide, alleges that "Each of Ronald and Joseph has used and invested [the sums derived from racketeering activity], in operating the Companies and in establishing and operating Countrywide." (Compl. ¶¶ 209–210). The Companies and Countrywide, either separately or together, are identified as the RICO enterprise in each of the other RICO causes of action in the complaint. Thus, this allegation is nothing more than a charge that the defendants have re-invested the proceeds of their illicit activities back into their alleged illegal operations. This is insufficient under Section 1962(a). *USA Certified Merchants,* 262 F.Supp.2d at 319 (citing *Kaczmarek,* 30 F.Supp.2d at 628). Therefore, the plaintiff's twelfth cause of action fails to state a claim.

### b. As to Acquisition or Maintenance of Control in a RICO Enterprise in Violation of § 1962(b)

The plaintiff's thirteenth cause of action is brought pursuant to RICO Section 1962(b). Section 1962(b) states that "[i]t shall be unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). The purpose of Section 1962(b) is "to prohibit the takeover of a legitimate business through racketeering, typically extortion or loan-sharking." *Mark v. J.I. Racing, Inc., et al.,* No. 92–CV–5285, 1997 WL 403179, at *3 (E.D.N.Y.1997) (citation omitted).

To state a claim under Section 1962(b), the plaintiff must allege that: (1) the purpose of the defendants racketeering activity was to acquire an interest or to maintain control of the enterprise; (2) that the defendants in fact acquired an interest or maintained control of the enterprise through their pattern of racketeering activity; and (3) that the plaintiff suffered injury as a result of the acquisition of the enterprise. *See Black Radio Network, Inc. v. NYNEX Corp.,* 44 F.Supp.2d 565, 579 (S.D.N.Y.1999); *O & G Carriers v. Smith,* 799 F.Supp. 1528, 1543 (S.D.N.Y. 1992).

The "acquisition or maintenance injury" must be separate and apart from the injury suffered as a result of the predicate acts of racketeering. *Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649, 657 (S.D.N.Y.1996) (citing *Official Publications v. Kable News Co.,* 775 F.Supp. 631, 635 (S.D.N.Y.1991)). "Without a distinct 'acquisition injury,' [a plaintiff] cannot state a cause of action under subsection 1962(b)." *Discon, Inc. v. NYNEX Corp.,* 93 F.3d 1055, 1062–63 (2d Cir.1996), *vacated on other grounds,* 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998); *Redtail Leasing, Inc. v. Bellezza,* No. 95 Civ. 5191, 1997 WL 603496, at *3 (S.D.N.Y. Sept.30, 1997) (the injury must be caused by "acquisition of an interest in an enterprise, as distinct from an injury resulting from the pattern of racketeering activity, or the commission of predicate acts."); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,* 303 F.Supp.2d 432, 450 (S.D.N.Y.2004) ("Failure to allege [a distinct acquisition injury] results in dismissal.").

The plaintiff's allegations are insufficient for three reasons. First, a

claim under Section 1962(b) cannot be founded on accusations that the defendant "acquired or maintained" an interest in the same corporate entity comprising the RICO "enterprise." As under Section 1962(a), the term "enterprise" under this section contemplates that the defendant's racketeering activity will enable them to acquire or maintain an interest in some legitimate company, other than the organization through which they conducted their racketeering activity. *See USA Certified Merchants* 262 F.Supp.2d at 331 (citations omitted).

Here, the plaintiff's thirteenth cause of action identifies Countrywide as both the RICO "enterprise" and the enterprise over which the defendants gained control through their alleged racketeering activity. Second, the plaintiff's complaint fails to allege how commission of the underlying predicate mail and wire frauds allowed Ronald and Joseph to acquire or maintain an interest in Countrywide. Finally, the plaintiff does not allege that the defendants' motivation for carrying out their racketeering activities was to acquire or maintain control of Countrywide. According to the plaintiff, the defendants were motivated by a desire to injure the Companies and for financial gain. (Compl.¶¶ 25, 26, 58, 69, 143, 144, 168). Based on the foregoing, the plaintiff's thirteenth cause of action fails to state a claim.

#### c. As to Conspiracy under 18 U.S.C. § 1962(d)

Section 1962(d) prohibits any person from conspiring to violate any of the substantive provisions of Section 1962(a)-(c). Because the plaintiff has not stated a cause of action under Section 1962(a) or (b) as a matter of law, the plaintiff has not stated a cause of action for conspiracy to violate either of those sections. *See Discon,* 93 F.3d at 1064; *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990).

With respect to the alleged conspiracy to violate Section 1962(c), the plaintiff's "Fifteenth Cause of Action Against Ronald Tuscano, Joseph Tuscano, Eugene Lotardo, Countrywide Transport, Inc., and Donna Lotardo" fails because the plaintiff has not pled the circumstances of the conspiracy with sufficient particularity. In order to state a claim under Section 1962(d) for conspiracy, the plaintiff must allege facts from which it can be inferred that there was an agreement involving each of the defendants to commit at least two predicate acts. *Hecht,* 897 F.2d at 25. "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Id.* (citation omitted); *see Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir. 1989) (plaintiff is required to plead agreement to commit predicate acts and knowledge that those acts were part of a pattern of racketeering activity in violation of section 1962(a)-(c)); *Black Radio Network, Inc. v. NYNEX Corp.,* 44 F.Supp.2d 565, 581 (S.D.N.Y.1999) ("Plaintiffs' allegations of 'a continuous agreement' between [the defendants fell] short of the specificity required to alleged that defendants consciously agreed to commit predicate acts."); *Naso v. Park,* 850 F.Supp. 264, 275 (S.D.N.Y.1994) (dismissing RICO conspiracy claim because the complaint "simply does not make specific factual allegations from which we can conclude that defendants consciously agreed to commit predicate acts").

#### F. Supplemental Jurisdiction

The Court lacks jurisdiction over the plaintiff's derivative RICO causes of action because the plaintiff has failed to join the Companies who are necessary un-

der Fed.R.Civ.P. 19 for proper adjudication of this action. As such, there is no basis for federal jurisdiction. Also, at this time, the Court declines to determine the sufficiency of the plaintiff's remaining state-law claims. These determinations are best reserved for a later time, should the plaintiff properly re-plead a complaint establishing an independent basis of federal jurisdiction. Accordingly, those portions of the motions by the defendants seeking to dismiss the plaintiff's state-law causes of action pursuant to Fed.R.Civ.P. 12(b)(1) are granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's complaint is dismissed, without prejudice, for failure to join a necessary party; and it is further

**ORDERED,** that the plaintiff's third cause of action seeking appointment of a receiver is dismissed, with prejudice; and it is further

**ORDERED,** that the plaintiff is granted leave to file an amended complaint consistent with the determinations in this Memorandum of Decision and Order. The amended complaint, if any, shall be filed within thirty days of the date of this Decision.

**SO ORDERED.**