THOMAS SUMMER et al., Respondents-Appellants, v RUCKUS 85 CORP., Respondent, and YVETTE GEORGES DEETON, Appellant, et al., Defendants. [57 NYS3d 8]—

Judgment and order and judgment (one paper), Supreme Court, New York County (Kathryn E. Freed, J.), entered September 3, 2015, to the extent appealed from as limited by the briefs, granting plaintiffs' cross motion for summary judgment on their first cause of action, denying defendant Yvette Georges Deeton's motion to dismiss the first cause of action, denying Deeton's motion for summary judgment as to her first counterclaim, and dismissing the complaint against defendant Ruckus 85 Corp., unanimously modified, on the law, to deny Ruckus's motion to dismiss the complaint against it, and otherwise affirmed, without costs. Appeals (Grooms defendants) from aforementioned judgment and order and judgment (one paper), unanimously dismissed, without costs, as abandoned.

It is undisputed that the December 16, 1998 amendments to the corporation's bylaws and certificate of incorporation required a legend on the stock certificates concerning the lack of a board of directors and the supermajority requirements for a quorum and to transact corporate business, which was never included on the stock certificates provided to three of the named plaintiffs, in violation of Business Corporation Law §§ 620 (b) and 616 (c). Accordingly, the court properly refused to apply the amendments (*see Model, Roland & Co. v Industrial Acoustics Co.*, 16 NY2d 703, 705 [1965]; *Matter of Rye Psychiatric Hosp. Ctr.*, 66 NY2d 333, 337-338 [1985]).

The corporation was a necessary party to the derivative claims since any recovery on those claims is for its benefit (*see Tobias v Tobias*, 192 AD2d 438, 440 [1st Dept 1993]).

We have considered Deeton's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ. 