■ DANIEL DI DOMINICI et al., Appellants, v DONALD J. PARMET et al., Individually and as Partners under the Firm Name of PARMET & ROBBINS, et al., Respondents.—In an action pursuant to Civil Rights Law § 70 to recover damages, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brucia, J.), entered November 14, 1984, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Order affirmed, with costs.

The defendant Leopold, who was a director, officer, and 50% shareholder in the two corporate plaintiffs, commenced an action on behalf of those two corporations and himself against the plaintiff Di Dominici, the other director, officer, and 50% shareholder, seeking to recover for the alleged waste of and conversion of corporate assets. In the instant action Di Dominici asserts that Leopold had no authority to commence the action on behalf of the corporations, and thus that Leopold and his attorneys violated Civil Rights Law § 70 by commencing a vexatious and malicious suit in the name of another without the latter's consent.

Special Term properly granted the defendants' motion to dismiss the complaint. Pursuant to Business Corporation Law § 720, Leopold, as a director of the corporations, was entitled to bring suit on their behalf for waste committed by another director or officer *(see, Rapoport v Schneider,* 29 NY2d 396; *Tenney v Rosenthal,* 6 NY2d 204). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.