■ JEAN SIEGEL, Appellant, v MICHAEL PROTIVA et al., Respondents.—In an action for a judgment declaring the percentages of the ownership of the shares of stock in F.H. Management Corp. (hereinafter F.H.), the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated September 18, 1985, which, after a nonjury trial, declared that the plaintiff owned 25% of the shares and the defendants 75% of the shares of F.H., ordered that certifi-

cates be drawn and executed to that effect, ordered the plaintiff to return $6,000 to the corporate treasury, and ordered the plaintiff to return any files in her possession that belong to F.H. to the corporate offices. The appeal brings up for review an order of the same court (Le Vine, J.), dated July 26, 1985, which denied the plaintiff's motion to strike the case from the calendar.

Ordered that the judgment is affirmed, with costs.

Our review of the record indicates that the verdict was supported by the weight of the evidence.

We note that the defendant G.M. Proulx, the vice-president of F.H., was a proper party to interpose a counterclaim against the plaintiff, the president of F.H., to compel the plaintiff to return $6,000 to the corporate treasury and files belonging to F.H. to the corporate offices (see, Business Corporation Law § 720 [a] [1] [A], [B]; [b]).

Further, the plaintiff has failed to demonstrate that she suffered any prejudice as a result of the denial of her motion to strike the case from the calendar. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.