■ L. W. KENT AND COMPANY, INC., Respondent, v LARRY S. WOLF et al., Appellants. (Action No. 1.) INDUSTRY WIDE LTD., Respondent, v INDUSTRIAL ASSOCIATES et al., Appellants. (Action No. 2.)—In two actions, *inter alia,* to recover actual and punitive damages for waste and mismanagement, conspiracy to defraud and conversion, the defendants in actions Nos. 1 and 2 appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated December 10, 1987, which granted the plaintiffs' motion for consolidation of the two actions and denied the defendants' cross motion for summary judgment dismissing the complaints.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is dismissed as academic, the defendants' cross motion is granted, and the complaints are dismissed without prejudice to the commencement of a shareholder's derivative action.

William Blum, who was a director, officer, and 50% shareholder of the two corporate plaintiffs, initiated these actions against the defendant Larry S. Wolf, the other director, officer, and 50% shareholder, seeking to recover for the alleged waste of and conversion of corporate assets. Also named as defendants in each action were Wolf's wife and two separate business entities owned and operated by Wolf. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaints on the ground that Blum had the authority to commence these actions on behalf of the corporations pursuant to Business Corporation Law § 720. The court's reliance on *Di Dominici v Parmet* (118 AD2d 618, *lv denied* 68 NY2d 601) is misplaced and, accordingly, we reverse.

While it is well settled that under Business Corporation Law § 720 (b) Blum was entitled, as a director of the corporations, to bring suit on their behalf for waste and conversion committed by another officer or director *(see, Rapoport v Schneider,* 29 NY2d 396; *Tenney v Rosenthal,* 6 NY2d 204; *Siegel v Protiva,* 130 AD2d 569; *Di Dominici v Parmet, supra),* in these actions Blum has not proceeded on behalf of the

corporations. On the contrary, in these actions, unlike in *Di Dominici v Parmet (supra)*, the corporations are the only named plaintiffs.

The issue at hand is whether Blum could properly initiate these actions by the corporations against Wolf, the other 50% shareholder and director. It has consistently been held that the statutory mandate which provides that the business of a corporation shall be managed by its board of directors (Business Corporation Law § 701) cannot be circumvented *(Sterling Indus. v Ball Bearing Pen Corp.*, 298 NY 483; *see, Matter of Paloma Frocks [Shamokin Sportswear Corp.]*, 3 NY2d 572, 575; *Rothman & Schneider v Beckerman*, 2 NY2d 493, 498). However, " 'Where there has been no direct prohibition by the board * * * the president has presumptive authority, in the discharge of his duties, to defend and prosecute suits in the name of the corporation' " *(Matter of Paloma Frocks [Shamokin Sportswear Corp.]*, supra, at 575-576, quoting from *Rothman & Schneider v Beckerman*, supra, at 497). In the present case "approval of the board of directors was not formally requested * * * [f]or it could hardly be expected that if approval of the board of directors were sought, [Wolf], who controlled 50% of the board, would have authorized the action against himself" *(Tidy-House Paper Corp. v Adlman*, 4 AD2d 619, 621). As to Blum's presumptive authority, "[t]he query then is whether such a presumption applies when the president seeks to maintain an action against one who has as much control over the plaintiff corporation as the president himself" *(Tidy-House Paper Corp. v Adlman*, supra, at 621). We agree with the holding in *Tidy-House Paper Corp. v Adlman (supra*, at 623) that the appropriate avenue of relief is a stockholder's derivative action *(see, Abelow v Grossman*, 91 AD2d 553, 554).

Accordingly, the order should be reversed and the actions dismissed without prejudice to the commencement of shareholder's derivative actions. It should be noted that such an action is proper to assert the claims raised in action No. 2 despite the dissolution of Industry Wide Ltd. *(see, Independent Investor Protective League v Time, Inc.*, 50 NY2d 259, *rearg denied* 50 NY2d 1059).

In light of this holding, we need not consider the merits of the plaintiffs' motion to consolidate. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.