■ FRANK TORNICK, Respondent, v DINEX FURNITURE INDUSTRIES, INC., et al., Appellants.—In an action by a former shareholder of the defendant corporation, inter alia, for an accounting, the defendants appeal from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated November 13, 1987, as denied their motion for summary judgment dismissing the complaint as against the individual defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

While we agree that the court erred in determining that Business Corporation Law § 720 creates a cause of action

personal to the plaintiff by which he might proceed against the defendant officers and directors *(see, Abrams v Donati,* 66 NY2d 951, *rearg denied* 67 NY2d 758; *Rapoport v Schneider,* 29 NY2d 396; *Kent & Co. v Wolf,* 143 AD2d 813; *see also,* 3 White, New York Corporations ¶ 720.02 [1] [13th ed]), we nevertheless conclude that under the circumstances presented, the plaintiff has stated a cause of action against the defendant officers and directors in their individual capacities for redress of an alleged wrong personal to him.

It is well settled that corporate directors and officers assume a fiduciary role in relation to the corporate entity and the shareholders *(see, Wolff v Wolff,* 67 NY2d 638; *Alpert v 28 Williams St. Corp.,* 63 NY2d 557, *rearg denied* 64 NY2d 1041; *Aronson v Crane,* 145 AD2d 455). Moreover, "[t]he fact that a particular act of directors may constitute a wrong to the corporation which may be righted ordinarily on behalf of the corporation does not bar a stockholder from having redress if that act effects a separate and distinct wrong to him independently of the wrong to the corporation. Redress of this latter wrong is available to him personally despite the right of a present stockholder to redress the wrong in a derivative action so far as it relates to the corporation" *(Hammer v Werner,* 239 App Div 38, 44; *see, Rothmiller v Stein,* 143 NY 581; *Von Au v Magenheimer,* 126 App Div 257, *affd* 196 NY 510; *see also,* 3A Fletcher, Cyclopedia of Corporations § 1282 [perm ed]; 15 NY Jur 2d, Business Relationships, § 1031). At bar, the plaintiff has alleged, *inter alia,* that in order to deprive him of his share of the corporation's profits the defendants caused the corporation to offer him an inadequate price for his stock, and when he declined to sell, the defendants redistributed his shares among themselves without compensating the plaintiff therefor.

Although we conclude that the plaintiff may proceed against the defendant officers and directors in their individual capacities, review of the record discloses that there exist triable issues of fact with respect to whether the plaintiff's refusal to accept the repurchase price offered by the corporation constituted a violation of the 1980 shareholder's agreement and whether the individual defendants undervalued his stock interest, and thereafter wrongfully redistributed his stock without compensating him.

Finally, and contrary to the defendants' contentions, our recent holding in *Ingle v Glamore Motor Sales* (140 AD2d 493, *affd* 73 NY2d 183) does not require a different result. In *Ingle* we concluded, *inter alia,* that there arose no fiduciary duty

where the corporation had exercised its right to repurchase the plaintiff's stock after his discharge pursuant to a mandatory repurchase-upon-termination clause to which the plaintiff had assented (see, *Ingle v Glamore Motor Sales, supra,* at 494; see also, *Bevilacque v Ford Motor Co.,* 125 AD2d 516; *Coleman v Taub,* 638 F2d 628; *Jenkins v Haworth, Inc.,* 572 F Supp 591). At bar, however, the plaintiff's allegations establish that he seeks relief as against the individual defendants in their capacities as officers and directors, not for the mere exercise of a repurchase-upon-termination agreement, but rather for their alleged wrongful misappropriation—and subsequent redistribution—of his shares without payment therefor.

In light of the foregoing, we conclude that the defendants' motion for summary judgment was properly denied. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.