■ RAYMOND C. KNOX, JR., Respondent, v ESTATE OF JAMES T. SPRAGUE, Appellant. [739 NYS2d 644] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Putnam County (Rudolph, J.), entered February 7, 2001, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $205,690.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's application, made at the close of evidence, to conform the pleadings to the proof pursuant to CPLR 3025 (c) (*see Murray v City of New York*, 43 NY2d 400, 406; *Lane v Beard*, 265 AD2d 382, 383). The defendant suffered no surprise or prejudice as the plaintiff did not allege any new facts (*see Murray v City of New York*, 43 NY2d 400; *Ford v Martino*, 281 AD2d 587, 588; *Weinstein Enters. v Cappelletti*, 217 AD2d 616, 617). Furthermore, the defendant could have moved for a continuance and reopened its case to address any changes in the pleadings, but failed to do so. Accordingly, the Supreme Court properly granted the plaintiff's application.

Under the facts and circumstances of this case, it was also proper to permit the plaintiff to assert a personal cause of ac-

tion under Business Corporation Law § 720 (*see Tornick v Dinex Furniture Indus.,* 148 AD2d 602; *Hammer v Werner,* 239 AD 38; *see also Vincel v White Motor Corp.,* 521 F2d 1113, 1118-1119).

Based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129), the jury could have concluded that as a result of the breach by the decedent, James T. Sprague, the plaintiff was damaged in the sum of $205,690. Accordingly, the Supreme Court properly denied the defendant's motion to set aside the verdict as against the weight of the evidence.

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, Townes and Crane, JJ., concur.