■ Louis Evangelista, Respondent, v Abner Slatt et al., Appellants. [800 NYS2d 384]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 1, 2004, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In a prior action in Bronx County Supreme Court (the Bronx County action), plaintiff Louis Evangelista sued a former employee of his businesses (Auster) to recover $7 million Auster allegedly had misappropriated. Based on Auster's failure to answer the complaint, Evangelista obtained an order holding Auster in default and directing that the matter be set down for an inquest. Evangelista alleges that, after entry of the default order, he retained defendant attorneys to represent him in the Bronx County action; defendants, however, deny ever having agreed to undertake such representation. In either event, the Bronx County action ultimately was dismissed due to Evangelista's failure to timely file a note of issue for an inquest therein.

In the instant action, Evangelista sues defendants for legal malpractice in allegedly having failed to timely file a note of issue for an inquest in the Bronx County action. After the completion of discovery, defendants moved for summary judgment dismissing the complaint. Although Supreme Court denied the motion, we find that, on this record, defendants are entitled to judgment as a matter of law, and therefore reverse.

Even assuming the truth of the disputed contention that

defendants agreed to represent Evangelista in the Bronx County action, the record establishes that Evangelista would not have been entitled to any recovery in that action, notwithstanding the default order that was rendered against Auster. In opposing defendants' summary judgment motion herein, Evangelista failed to identify any specific misappropriation by Auster of Evangelista's *personal* funds that could have been proven at an inquest in the Bronx County action. Rather, Evangelista relied solely on allegations of misappropriations by Auster of the funds of the corporate entities in whose names Evangelista did business. Whatever right of recovery the corporations might have had against Auster for such alleged misappropriations, Evangelista individually—who was the sole plaintiff in the Bronx County action—had no right to such a recovery (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Quatrochi v Citibank, N.A.*, 210 AD2d 53, 53-54 [1994]; *General Motors Acceptance Corp. v Kalkstein*, 101 AD2d 102, 105-106 [1984], *appeal dismissed* 63 NY2d 676 [1984]). In this regard, we note that Evangelista's affirmed federal criminal convictions conclusively establish that, within the same period during which Auster's alleged wrongdoing took place, Evangelista himself was systematically misappropriating the funds of the corporate entities under his control for the purpose of evading taxes (*see United States v Evangelista*, 122 F3d 112, 115 [2d Cir 1997], *cert denied* 522 US 1114 [1998]). Accordingly, even if it is assumed that defendants represented Evangelista in the Bronx County action and neglected the prosecution of that action, such malpractice (if any) did not result in any loss to Evangelista. Defendants are, therefore, entitled to summary judgment dismissing the complaint. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.