■ In the Matter of the Estate of THOMAS CARVEL, Deceased. THOMAS AND AGNES CARVEL FOUNDATION, Appellant-Respondent; PAMELA CARVEL et al., Respondents-Appellants; HERBERT F. ROTH, Respondent. [808 NYS2d 100]—In a proceeding, inter alia, to settle the intermediate and supplemental accounts of two of the original executors under the will of Thomas Carvel, the Thomas and Agnes Carvel Foundation appeals from stated portions of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated September 9, 2003, which, after a hearing, among other things, granted various objections of Pamela Carvel, and Leonard M. Ross, as ancillary administrator CTA of the estate of Agnes Carvel, to the accountings by directing the executors of the estate of Thomas Carvel, Herbert F. Roth and Betty Godley, to amend their accounts to reallocate various expenses from income to principal, in effect, granted the motion of Pamela Carvel and the estate of Agnes Carvel for leave to conform their pleadings to the proof adduced at the hearing, and awarded the estate of Agnes Carvel pre- and post-judgment

interest at a rate of 5.75%; Pamela Carvel cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as denied the claim of the estate of Agnes Carvel to delayed income from the sale of underproductive property and denied her objection to payment of management fees by Chain Locations of America, Inc., to Andreas Holding Corp.; and Leonard M. Ross, as ancillary administrator CTA of the estate of Agnes Carvel, separately cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same order as denied the claim of the estate of Agnes Carvel to delayed income from the sale of certain underproductive property.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the claim of the Thomas and Agnes Carvel Foundation (hereinafter the Foundation), the determination of the Surrogate's Court that the will of Thomas Carvel (hereinafter the will) provided that the allocation of expenses attributable to real estate owned by the estate of Thomas Carvel (hereinafter the estate) referred to as the "Hedge Farm" and "Carvel Inn," should be charged to the principal of the estate rather than the income of the estate, is supported by the record (see EPTL 11-2.1 [a] [1] [A]; [d] [2]).

The contention of the Foundation that the Surrogate's Court improvidently exercised its discretion in granting the motion of Pamela Carvel and the estate of Agnes Carvel to conform their pleadings to the proof adduced at the hearing is without merit. The Surrogate's Court providently exercised its discretion in granting the motion because the Foundation suffered no surprise or prejudice, as Pamela Carvel and the estate of Agnes Carvel did not allege any new facts (see Knox v Estate of Sprague, 293 AD2d 451 [2002]).

Contrary to the contention of Pamela Carvel and Leonard M. Ross, as ancillary administrator CTA of the estate of Agnes Carvel, the Surrogate's Court properly denied the claim of the estate of Agnes Carvel for delayed income in connection with the sale of the Carvel Inn, underproductive real property owned by the estate, because the property was sold in exchange for a mortgage (see EPTL 11-2.1 [k] [4]).

The remaining contentions of the Foundation, Pamela Carvel, and Ross are without merit. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.