■ MARC KURMAN, Appellant, v BASIL MESSADOS et al., Respondents. [859 NYS2d 672]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 4, 2007, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Basil Messados and Tony Georgiton, and (2) so much of an order of the same court entered August 28, 2007, as denied that branch of his motion which was for leave to renew his motion for summary judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Basil Messados and Tony Georgiton. The defendants established, prima facie, that the plaintiff had not alleged that any wrongful acts were committed by Messados or Georgiton, nor sought any relief from them in their individual capacities (*cf. Tornick v Dinex Furniture Indus.*, 148 AD2d 602, 604 [1989]).

The Supreme Court did not improvidently exercise its discretion in refusing to consider the plaintiff's opposition to the cross motion, which the plaintiff concedes he did not serve until May 1, 2007, four days after the return date of the cross motion (*see Moore v Long Is. Coll. Hosp.*, 273 AD2d 365, 366 [2000]; 22 NYCRR 202.8 [a]). The plaintiff, in effect, defaulted on the cross motion and failed to set forth a reasonable excuse for his untimely opposition (*see* CPLR 5015 [a] [1]).

The plaintiff's contention that the defendants' cross motion was untimely served and that the proper return date was May 3, 2007 is without merit. Pursuant to the version of CPLR 2215 in effect at the time of the defendants' cross motion, a cross movant was required to serve its papers upon the movant "[a]t least three days prior to the time at which the motion is noticed to be heard." Since the return date of the plaintiff's motion for summary judgment was April 27, 2007, the defendants were required to serve their cross motion by April 24th or, if served by mail, by April 19th (*see* CPLR 2215, 2103 [b] [2]; *D'Aniello v T.E.H. Slopes,* 301 AD2d 556, 558 [2003]). The plaintiff concedes that the defendants served their cross motion by April 19th, and thus, the cross motion was timely served.

Further, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment (*see* CPLR 2221 [e]).

In light of our determination, we need not address the plaintiff's remaining contentions. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.