■ MARK A. BURNETT, Respondent, v KAMRAN POURGOL, Appellant. [921 NYS2d 280]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 26, 2010, as denied those branches of his motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of fiduciary duty in connection with the construction and sale of a home by the closely held corporation in which the parties were the only shareholders.

The complaint alleged that, in August 2006, the Town of

North Hempstead revoked the certificate of occupancy for a dwelling which the corporation had built and sold, on the ground that the premises exceeded the amount of square footage allowed by the building permit. The complaint further alleged that the corporation entered into a settlement agreement with the purchasers which provided for the corporation to pay the purchasers certain sums of money, complete the necessary renovation to conform the premises to the building permit, and obtain a new certificate of occupancy, and that the plaintiff and the defendant executed a personal guaranty by which they individually guaranteed the corporation's obligations under the settlement agreement.

The complaint further alleged that the defendant submitted incorrect plans and drawings to the Town without the plaintiff's knowledge, assumed responsibility for the error in square footage in settlement discussions with the purchasers, and knowingly misrepresented that the necessary renovations involved an area of 216.5 square feet, although the required reduction was 650 square feet. The complaint also alleged that the defendant failed to undertake any work to remedy the problem, and that the plaintiff purchased the subject property to mitigate his damages.

The Supreme Court properly denied those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). CPLR 3211 (a) (7) provides for dismissal on the ground that a pleading fails to state a cause of action. In determining a motion to dismiss under CPLR 3211 (a) (7), the disputed pleading must be liberally construed, with the facts alleged deemed to be true, and the plaintiff accorded the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Katz v Katz*, 55 AD3d 680, 682 [2008]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]).

Contrary to the defendant's contention, a shareholder in a closely held corporation may assert a personal cause of action alleging breach of fiduciary duty against a fellow shareholder where, as here, the defendant's alleged misconduct "effects a separate and distinct wrong" to the plaintiff, which is independent of any wrong to the corporation (*Tornick v Dinex Furniture Indus.*, 148 AD2d 602, 603 [1989]; *see Knox v Estate of Sprague*, 293 AD2d 451 [2002]).

A party may move to dismiss a cause of action pursuant to CPLR 3211 (a) (1) where a defense is founded upon documentary evidence. "[A] dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the as-

serted claims as a matter of law" (*Leon v Martinez*, 84 NY2d at 88; *see Goldfarb v Schwartz*, 26 AD3d 462, 463 [2006]).

"A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005], quoting Restatement [Second] of Torts § 874, Comment *a*). Here, the documentary evidence submitted by the defendant did not establish as a matter of law that he did not owe the plaintiff a fiduciary duty (*see generally East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *Martinez v La Colonia Rest.*, 55 AD3d 801 [2008]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Covello, J.P., Hall, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30250(U).]**