■ MARIA SWEZEY, Appellant, v MONTAGUE REHAB & PAIN MANAGEMENT, P.C., et al., Defendants, and SHAMA RASOOL et al., Respondents. [921 NYS2d 864]—

In a consolidated action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Hart, J.), dated October 30, 2009, which granted the separate motions in limine, made during jury selection, of the defendant Shama Rasool, the defendants Daniel Faierman, individually and doing business as Queens Diabetic Center and Queens Diabetic Center, and the defendant Carlos Garcia, individually and doing business as Queens Diabetic Center, to preclude the testimony of the plaintiff's expert and to dismiss the complaint insofar as asserted against each of those defendants, and (2) a judgment of the same court entered November 24, 2009, which, upon the order, is in favor of those defendants and against her, dismissing the complaint insofar as asserted against each of those defendants.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the order concerns evidentiary rulings which, even when made in advance of trial on motion papers, are not appealable, either as of right or by permission (*see* CPLR 5701; *Barnes v Paulin*, 52 AD3d 754 [2008]; *Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]; *Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]). The issues raised on the appeal from the intermediate order are brought up for

review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Rosenfeld v Baker*, 78 AD3d 810 [2010]).

The Supreme Court providently exercised its discretion in precluding the plaintiff's treating physician, her only expert, from testifying at trial. The plaintiff failed to serve the physician's medical report upon the respondents and did not demonstrate good cause for the admission of his testimony (*see* 22 NYCRR 202.17 [g], [h]; *Berson v Chowdhury*, 251 AD2d 278 [1998]; *see also Diarassouba v Urban*, 24 AD3d 602, 604 [2005]; *Burns v McCabe*, 17 AD3d 1111, 1112 [2005]; *cf. Shichman v Yasmer*, 74 AD3d 1316, 1318 [2010]; *Neils v Darmochwal*, 6 AD3d 589, 590 [2004]). Since the plaintiff would not have been able to establish a prima facie case without the testimony of her only medical expert, the complaint was properly dismissed as to the defendants in question (*see Deadwyler v North Shore Univ. Hosp. at Plainview*, 55 AD3d 780, 781 [2008]; *Reid v Rye Ridge Orthopedic Assoc.*, 268 AD2d 574 [2000]; *Reed v Episcopal Health Servs.*, 269 AD2d 514, 514 [2000]; *Giambona v Stein*, 265 AD2d 775, 775-776 [1999]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.