■ NICHOLAS BARBARO, Appellant, v THOMAS SPINELLI et al., Respondents, et al., defendant. MHT HOLDINGS, INC., et al., Nonparty Respondents. [994 NYS2d 630]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 13, 2012, which granted the motion of the nonparties MHT Holdings, Inc., North American Manufacturing Enterprises, Inc., and Steven Mazzaferro to quash nonparty subpoenas served upon them by the plaintiff, and denied his cross motion to enforce the nonparty subpoenas and for leave to serve an amended complaint adding nonparties MHT Holdings, Inc., and North American Manufacturing Enterprises, Inc., as defendants. Motion by the defendants-respondents Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, Allstate Funding Services, Inc., Matiz Maldonado, and Business Club Network, inter alia, to dismiss the appeal on the ground that the right of direct appeal terminated with entry of a final judgment in the action. By decision and order on motion of this Court dated March 12, 2013, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is ordered that the branch of the motion which is to dismiss the appeal is granted; and it is further,

Ordered that the appeal is dismissed, without costs or disbursements.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of final judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the companion appeal from the judgment (*see* CPLR 5501 [a] [1]; *Barbaro v Spinelli*, 121 AD3d 727 [2014] [decided herewith]). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur. ■