■ NICHOLAS BARBARO, Appellant, v THOMAS SPINELLI et al., Respondents, et al., Defendant. MHT HOLDINGS, INC., et al., Nonparty Respondents. [994 NYS2d 624]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 21, 2012, as denied those branches of his motion which were pursuant to CPLR 3126 to impose a sanction on the defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, Allstate Funding Services, Inc., Matiz Maldonado, Business Club Network, and Illumiluna, Inc., for spoliation of evidence, and for leave to serve an amended complaint adding nonparties MHT Holdings, Inc., and North American Manufacturing Enterprises, Inc., as defendants, (2) so much of an order of the same court dated January 3, 2013, as granted the motion of the defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, and Allstate Funding Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, searched the record and awarded summary judgment in favor of the defendants Matiz Maldonado and Business Club Network dismissing the complaint insofar as asserted against them, denied his motion to vacate the note of issue and certificate of readiness for trial, and denied that branch of his separate motion which was for leave to amend the complaint to assert an additional cause of action against the defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, and Allstate Funding Services, Inc., and (3) so much of a judgment of the same court dated January 28, 2013, as, upon the order dated January 3, 2013, is in favor of the defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, Allstate Funding, Inc., Matiz Maldonado, and Business Club Network and against him dismissing the complaint insofar as asserted against those parties.

Ordered that the appeals from the orders dated May 21, 2012, and January 3, 2013, are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Matiz Maldonado and Business Club Network; as so modified, the judgment is affirmed insofar as appealed from, the complaint is reinstated insofar as asserted

against the defendants Matiz Maldonado and Business Club Network, the determination in the order dated January 3, 2013, in effect, searching the record and awarding summary judgment to the defendants Matiz Maldonado and Business Club Network dismissing the complaint insofar as asserted against them is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, and Allstate Funding Services, Inc., payable by the plaintiff.

The appeals from the intermediate orders dated May 21, 2012 and January 3, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants Thomas Spinelli, Donna Spinelli, also known as Donna Mazzaferro, and Allstate Funding Services, Inc. (hereinafter collectively the moving defendants), established their prima facie entitlement to judgment as a matter of law by submitting evidence that all of the plaintiff's losses arose from his status as a shareholder of Lifebulb International, Inc., a nonparty. A shareholder, even in a closely-held corporation, may not recover in his or her individual capacity for wrongs against the corporation (*see Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d 608, 609-610 [2013]; *Brancaleone v Mesagna*, 290 AD2d 467, 468 [2002]; *Wolf v Rand*, 258 AD2d 401, 403 [1999]; *Elenson v Wax*, 215 AD2d 429, 429 [1995]). The evidence submitted on the motion for summary judgment established, prima facie, that the moving defendants were not liable to the plaintiff for any of the relief sought, and that the plaintiff's claims should have been brought on behalf of the nonparty corporation in a derivative action (*see Hu v Ziming Shen*, 57 AD3d 616, 617-618 [2008]; *Evangelista v Slatt*, 20 AD3d 349, 350 [2005]; *cf. Burnett v Pourgol*, 83 AD3d 756, 756-757 [2011]). In opposition to the moving defendants' prima facie showing, the plaintiff failed raise a triable issue of fact. Accordingly, the Supreme Court correctly granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Evangelista v Slatt*, 20 AD3d at 350).

The defendants Matiz Maldonado and Business Club Network did not move for summary judgment, and, under the circumstances of this case, the Supreme Court should not have, in ef-

fect, searched the record and awarded summary judgment to them.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.