ELENA SHANOFF et al., Appellants, v BIJAN GOLYAN et al., Respondents, et al., Defendants. [34 NYS3d 78]—

In an action to recover damages for wrongful death and medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Weston, J.), dated April 8, 2013, which, upon granting the separate motions of the defendants Bijan Golyan and North Shore University Hospital at Forest Hills in limine to preclude certain testimony from being presented at trial, granted the motion of the defendant Bijan Golyan and the separate motion of the defendants North Shore University Hospital at Forest Hills and Raz Winiarsky for summary judgment dismissing the complaint insofar as asserted against each of them, and denied their cross motion for leave to serve an amended bill of particulars, and (2) a judgment of the same court dated December 2, 2013, which, upon the order, is in favor of the defendants Bijan Golyan, North Shore University Hospital at Forest Hills, and Raz Winiarsky, and against the plaintiffs dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the motions of the defendants Bijan Golyan and North Shore University Hospital at Forest Hills in limine to preclude certain testimony from being presented at trial are denied, the motion of the defendant Bijan Golyan and the separate motion of the defendants North Shore University Hospital at Forest Hills and Raz Winiarsky for summary judgment dismissing the complaint insofar as asserted against each of them are denied, and the complaint insofar as asserted against those defendants is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]; Barbaro v Spinelli, 121 AD3d 727, 728 [2014]; Eherts v County of Orange, 215 AD2d 524, 524-525 [1995]). The issues raised on appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see Barbaro v Spinelli, 121 AD3d at 728).

This wrongful death and medical malpractice action arises from the death of Zinaida Shershanov (hereinafter the decedent) on April 16, 2003, from atherosclerotic and hypertensive cardiovascular disease following a shoulder replacement surgery.

In April 2012, after a jury had been selected, the defendant Bijan Golyan moved in limine to preclude testimony at trial that he negligently failed to place the decedent in a telemetry unit post-operatively to monitor her heart function. The defendant North Shore University Hospital at Forest Hills (hereinafter North Shore) separately moved for the same relief. The defendant Raz Winiarsky separately moved in limine to preclude the plaintiffs from submitting evidence that he was responsible for supervising the treatment provided by the defendants Bijan Golyan and Daniel Golyan. In an order dated April 12, 2012, the Supreme Court granted the motions of Bijan Golyan and North Shore, finding that the plaintiffs' bills of particulars did not apprise these defendants of this theory of liability. The Supreme Court denied the motion of Winiarsky, noting that his motion, while denominated as one in limine, was in fact a summary judgment motion and thus untimely. Because Winiarsky failed to make any showing of good cause

for his late motion, the Supreme Court denied the motion in its entirety.

The plaintiffs then requested that the case be marked off the trial calendar. The Supreme Court granted the plaintiffs' request, without striking the note of issue, and permitted the defendants to file motions for summary judgment. As relevant to this appeal, Bijan Golyan moved, and Winiarsky and North Shore (hereinafter collectively with Bijan Golyan, the respondents) separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs cross-moved for leave to serve an amended bill of particulars that included allegations that the respondents negligently failed to place the decedent in a telemetry unit. The Supreme Court granted the respondents' respective motions for summary judgment and denied the plaintiffs' cross motion.

The plaintiff could not have appealed from the order dated April 12, 2012, granting the motions in limine to preclude testimony regarding the post-operative care of the decedent, because that order concerned evidentiary rulings which are not appealable, either as of right or by permission (*see* CPLR 5701; *Dupree v Voorhees*, 102 AD3d 912, 913 [2013]; *Swezey v Montague Rehab & Pain Mgt., P.C.*, 84 AD3d 779, 779-780 [2011]; *Barnes v Paulin*, 52 AD3d 754 [2008]). However, contrary to the contention of Bijan Golyan, the issues raised in that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Swezey v Montague Rehab & Pain Mgt., P.C.*, 84 AD3d at 779-780).

The Supreme Court should have denied the motions of Bijan Golyan and North Shore in limine to preclude the plaintiffs from presenting testimony at trial that they negligently failed to place the decedent in a telemetry unit post-operatively to monitor her heart function, as that theory was included in the plaintiffs' bills of particulars. The purpose of a bill of particulars is "to amplify the pleadings, limit the proof, and prevent surprise at trial" (*Jurado v Kalache*, 93 AD3d 759, 760 [2012] [internal quotation marks omitted]; *see Contreras v Adeyemi*, 102 AD3d 720, 722 [2013]). A bill of particulars in a medical malpractice action "must provide a general statement of the acts or omissions constituting the alleged negligence" (*Toth v Bloshinsky*, 39 AD3d 848, 849 [2007]; *see* CPLR 3043 [a] [3]; *Contreras v Adeyemi*, 102 AD3d at 722). Here, the plaintiffs' theory that Bijan Golyan and North Shore negligently failed to place the decedent in a telemetry unit was readily discernable from the allegations set forth in the bills of particulars. Thus,

the bills of particulars were sufficient to place Bijan Golyan and North Shore on notice of this theory, and satisfy the requirements of CPLR 3043 (a) (3). Further, the plaintiffs served various expert disclosures setting forth that their expert would testify regarding post-operative care and monitoring in a telemetry unit. We also note that the supplemental expert witness disclosure of Bijan Goylan, dated November 9, 2009, as well as the supplemental expert witness disclosure of Winiarsky and North Shore, dated March 15, 2012, indicated that their respective experts were expected to testify that the decedent's postoperative condition did not indicate or warrant a transfer to a telemetry unit. Accordingly, the Supreme Court should have denied the subject motions in limine. Furthermore, without the preclusion set forth in the order dated April 12, 2012, Bijan Golyan and North Shore should not have been granted summary judgment dismissing the complaint insofar as asserted against them.

Furthermore, the Supreme Court should not have entertained Winiarsky's motion for summary judgment, as it was duplicative of his motion denominated as being in limine, which was actually a summary judgment motion and which had already been denied as untimely in the order dated April 12, 2012 (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 496 [2005]).

In light of our determination, we need not address the parties' remaining contentions. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.