Feiliks v. Feiliks

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                      Circuit Judges,
         LEWIS A. KAPLAN,*
             District Judge.

- - - - - - - - - - - - - - - - - - - - - -X
FEILIKS INTERNATIONAL LOGISTICS HONG
KONG LTD., FEILIKS LOGISTIC PTE. LTD.,
        Plaintiffs-Counter-Defendants
        -Appellants,

TAY KIM LENG, aka Regina Tay, YAO QIN,
aka Gavin Yao, SKYLIFT CONSOLIDATOR
(PTE) LTD., JIANGSU FEILIKS
INTERNATIONAL LOGISTICS INC.,
        Counter-Defendants,

        -v.-                                    16-1159

_____

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FEILIKS GLOBAL LOGISTICS CORP.,**
        <u>**Defendant-Appellee,**</u>

**AMI KWAN CHI WEY, aka Ami Wey,**
**individually and derivatively on**
**behalf of Feiliks Global Logistics**
**Corp.,**
        <u>**Defendant-Counter-Claimant-**</u>
        <u>**Appellee.**</u>


- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                     PAUL D. SARKOZI, Tannenbaum
                                        Helpern Syracuse &
                                        Hirschtritt LLP, New York, NY
                                        (Frank Xu, Law Office of Frank
                                        Xu, PLLC, <u>on the brief</u>).

**FOR APPELLEES:**                      VINCENT CHIRICO, Chirico Law
                                        PLLC, Brooklyn, NY.


        Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J</u>.).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

        Feiliks International Logistics Hong Kong Ltd. ("Feiliks HK") and Feiliks Logistic Pte. Ltd. ("Feiliks Singapore") appeal from the entry of judgment against them following a bench trial in the United States District Court for the Eastern District of New York (Cogan, <u>J</u>.).  On appeal following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo.  <u>Diesel Props S.R.L. v. Greystone Bus. Credit II LLC</u>, 631 F.3d 42, 51-52 (2d Cir. 2011).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In March 2013, Feiliks Singapore, an international freight forwarding company, and Ami Wey, an American who had been in the freight forwarding business for many years, formed a new company, incorporated in New York, called Feiliks Global Logistics Corp. ("Feiliks US"). Eighty percent of Feiliks US was owned by Feiliks Singapore. Wey owned the other twenty percent and served as the company's controller. In addition to the combined $200,000 in startup capital contributed by Feiliks Singapore and Wey, Feiliks US received a $300,000 loan from Feiliks HK (the majority owner of Feiliks Singapore) in April 2013.

In September 2014, following a breakdown in the relationship between Wey and Feiliks US officers affiliated with Feiliks Singapore and Feiliks HK, appellants filed the present action asserting: (1) breach of contract against Feiliks US and Wey for failing to repay the $300,000 loan; and (2) breach of fiduciary duty against Wey for allegedly exploiting corporate opportunities for personal gain, exceeding her power and authority as a corporate officer, failing to repay the $300,000 loan, and initiating a state court action that allegedly harmed Feiliks US. The district court dismissed these claims.[1]

With respect to breach of contract, the district court found that: (1) appellants' decision to withdraw business from Feiliks US undermined their breach of contract claim; and (2) Wey could not be held personally liable because she did not sign the loan agreement in her individual capacity. With respect to breach of fiduciary duty, the district court held that appellants improperly asserted a direct, rather than derivative, claim.

---

[1] The district court also dismissed Wey's counterclaims. With respect to Wey's breach of fiduciary duty counterclaim against Feiliks Singapore, the court ruled that although Feiliks Singapore breached its fiduciary duty, Wey failed to prove damages. Appellants devote half of the argument section in their opening brief contesting the district court's finding regarding Feiliks Singapore's fiduciary breach. Because this counterclaim was dismissed, the issue is moot.

**1.** Federal jurisdiction was premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Appellants (Feiliks HK and Feiliks Singapore) are foreign entities; appellees (Feiliks US and Wey) are United States citizens. After the district court sua sponte inquired about Wey's citizenship, Wey testified by affidavit that she was naturalized as a United States citizen in approximately 1990, and appellants offered no reason to doubt that testimony. Although appellants brought this case in federal court under diversity jurisdiction, and at no time sought to dismiss or remove it, they now argue that diversity is lacking because Wey is allegedly a Taiwanese citizen, and because Wey did not produce records of her United States naturalization.

Neither Wey's alleged foreign citizenship nor her failure to produce original naturalization records precludes diversity jurisdiction in this case. First, even if Wey is a dual citizen, it is her United States citizenship that determines diversity. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991). Second, subject matter jurisdiction need only be proved by a preponderance of the evidence, Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014), and that proof need not take any specific form. With zero evidence to the contrary -- in a diversity case brought by her adversaries -- Wey's sworn affidavit stating that she is a United States citizen is sufficient to establish diversity jurisdiction.

**2.** Appellants argue that the district court erred by dismissing their breach of contract claim against Feiliks US and Wey. This argument is meritless. With respect to Wey, the district court's finding that she did not sign the loan agreement in an individual capacity is supported by the evidence and is not clearly erroneous.

With respect to Feiliks US, the district court's finding, perhaps more accurately phrased as a determination that appellants had breached their implied duty of good faith and fair dealing under the loan agreement by undermining the company's business -- including by diverting customers to Feiliks US's competitors -- is amply supported by the record. This frustration of performance excused Feiliks US's failure

4

to repay the loan.  See Lowell v. Twin Disc, Inc., 527 F.2d 767, 770 (2d Cir. 1975) ("[W]henever the cooperation of the promisee is necessary for the performance of the promise, there is a condition implied that the cooperation will be given." (internal quotation marks and alterations omitted)); Grad v. Roberts, 14 N.Y.2d 70, 75 (1964) ("Persons invoking the aid of contracts are under implied obligation to exercise good faith not to frustrate the contracts into which they have entered.").[2]

**3.**  Appellants challenge the dismissal of the breach of fiduciary duty claim against Wey.  This argument is raised for the first time in their reply brief; it is therefore waived.[3] See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief.").  In any event, the argument would fail.  The alleged harm caused by Wey's purported breach of fiduciary duty befell Feiliks US, and was not sustained by appellants except derivatively as shareholders.  See Excimer Assocs. v. LCA Vision, Inc., 292 F.3d 134, 139-40 (2d Cir. 2002) ("[T]he critical question posed by the direct injury test is whether the damages a plaintiff sustains are derivative of an injury to a third party.  If so, then the injury is indirect; if not, it is direct." (internal quotation marks omitted)); Abrams v. Donati, 66 N.Y.2d 951, 953 (1985) ("But allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually."); Barbaro v Spinelli, 121 A.D.3d 727, 728 (2d Dep't 2014) ("A shareholder, even in a closely-held corporation, may not recover in his or her individual capacity

---

[2] Contrary to appellants' contention, Feiliks US and Wey asserted this position as an affirmative defense below.  See, e.g., App'x at 86, 159, 218.

[3] Appellants make references to Wey's allegedly improper conduct in their opening brief.  However, they do not contest the district court's ruling that their fiduciary breach claim should have been brought derivatively.  The arguments in their opening brief are directed solely at their breach of contract claim and Wey's dismissed breach of fiduciary duty counterclaim.

for wrongs against the corporation."). Therefore, appellants' breach of fiduciary duty claim, which was asserted directly rather than derivatively on behalf of Feiliks US, was properly dismissed.

4. Finally, appellants contend in their reply brief that the joint representation of Feiliks US and Wey by defense counsel created a conflict of interest that tainted the trial. Because this argument was not advanced in appellants' opening brief, it is waived. See JP Morgan Chase Bank, 412 F.3d at 428. Regardless, it is meritless. "A failure to disqualify counsel will be overturned only upon a showing that the district court abused its discretion." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). Appellants' motion to disqualify counsel, which was erroneously styled as a "Motion for Temporary Restraining Order" (ECF 29), was unintelligible, failed to identify a conflict of interest, cited no case law, and was filed three days before trial in an apparent bid for delay. The district court did not abuse its discretion by denying the motion.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6