6 Harbor Park Dr., LLC v Town of N. Hempstead (2024 NY Slip Op 04297)

6 Harbor Park Dr., LLC v Town of N. Hempstead

2024 NY Slip Op 04297

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-00775
 (Index No. 11639/10)

[*1]6 Harbor Park Drive, LLC, appellant, 
v
Town of North Hempstead, et al., defendants, Angeles Portela, respondent.

Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone, Stephenie Lannigan Bross, and Gerard Ryan of counsel), for appellant.
Nicolini Paradise Ferretti & Sabella, PLLC, Mineola, NY (John J. Nicolini and Sandra J. Leporin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered December 24, 2020. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant Angeles Portela and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff owns real property in the Town of North Hempstead that was damaged by water and debris flowing down a steep slope at the southern portion of the property. The plaintiff subsequently commenced this action against the Town, the Incorporated Village of Flower Hill, and the owners of certain properties located uphill from the plaintiff's property, namely, Woo Chang and Sook Chang, Manfred Demenus and Marita Demenus, and Angeles Portela. By order entered February 18, 2015 (hereinafter the February 2015 order), the Supreme Court, inter alia, granted the separate motions of the Town, the Village, Woo Chang and Sook Chang, and Manfred Demenus and Marita Demenus for summary judgment dismissing the complaint insofar as asserted against each of them, and granted that branch of Portela's motion which was for summary judgment dismissing the complaint insofar as asserted against her except for so much of the cause of action alleging injury to property as was based upon an allegation concerning the placement of mulch on the slope. The plaintiff appealed from the February 2015 order, and this Court, among other things, affirmed that order insofar as appealed from (see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 159 AD3d 777).
The action proceeded to a trial on the issue of liability against Portela. Prior to the start of the trial, the plaintiff moved to preclude Portela from discussing or offering any evidence concerning the claims that were dismissed pursuant to the February 2015 order. The Supreme Court denied the motion. At trial, the plaintiff's theory of liability was that Portela was negligent in applying mulch to the top of the slope because it denuded the slope of vegetation, thereby increasing the amount and speed of the run-off from Portela's property onto the plaintiff's property. After the trial on the issue of liability, the jury rendered a verdict finding that Portela was not negligent. Thereafter, a judgment was entered in favor of Portela and against the plaintiff dismissing the [*2]complaint. The plaintiff appeals.
Initially, contrary to Portela's contention, the plaintiff's appeal is properly before this Court. Although evidentiary rulings are not appealable (see CPLR 5701; Shanoff v Golyan, 139 AD3d 932, 934; Dupree v Voorhees, 102 AD3d 912, 913), the issues raised on appeal are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]; Shanoff v Golyan, 139 AD3d at 934).
"[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion or a showing of prejudice to a substantial right pursuant to CPLR 2002" (Dyszkiewicz v City of New York, 218 AD3d 546, 550 [citation and internal quotation marks omitted]; see Acosta v City of New York, 153 AD3d 765, 767). Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in admitting testimony from Portela's son that he instructed workers to place mulch near the top of the slope because his neighbor Manfred Demenus had done the same thing. This testimony did not constitute an improper attempt to shift blame to a dismissed defendant (cf. Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 254-255; Drooker v South Nassau Communities Hosp., 175 Misc 2d 181, 183 [Sup Ct, Nassau County]).
Further, any error in admitting the other challenged testimony and remarks made by Portela's counsel during his opening statement and summation was harmless under the circumstances, as there is no indication the testimony and remarks at issue had a substantial influence on the result (see CPLR 2002; Dyszkiewicz v City of New York, 218 AD3d at 550-551; Baynes v Maple 3, LLC, 169 AD3d 749, 750).
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court